
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 1 2 2016

TONY R. MOORE, CLERK
BY DEPUTY

a

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **COREY ALLEN LANDMARK** | **DOCKET NO. 15-cv-2776; SEC. P** |
| **VERSUS** | **JUDGE DRELL** |
| **INDIGENT DEFENDER BOARD, ET AL.** | **MAGISTRATE JUDGE PEREZ-MONTES** |

**REPORT AND RECOMMENDATION**

Before the Court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Corey Landmark. Plaintiff was granted leave to proceed *in forma pauperis* on December 28, 2015. (Doc. 8). Plaintiff is a pre-trial detainee at the Rapides Parish Detention Center in Alexandria, Louisiana. Plaintiff names as defendants numerous attorneys, and he complains that the attorneys violated various American Bar Association rules.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

***Factual Allegations***

Plaintiff alleges that he is a pre-trial detainee in Rapides Parish. He complains that the named attorneys, some of whom represented Plaintiff from 2013 through 2015, violated several provisions of the American Bar Association Model Rules of Professional Conduct and failed to properly represent their clients. Plaintiff also complains of corruption in the Rapides Parish Public Defender's Office.

**_Law and Analysis_**

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding in forma pauperis, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

Plaintiff names as defendants eight attorneys who are private attorneys and/or members of the Rapides Parish Public Defender's Office. Section 1983 provides an avenue for plaintiffs to sue state actors for constitutional violations. See 42 U.S.C. § 1983 (2006). A violation of 42 U.S.C. § 1983 occurs when a person is deprived of "rights, privileges, or immunities secured by the Constitution and laws" under the "color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia." Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir. 1995).

First, Plaintiff has not alleged a constitutional violation. He alleges violations of the American Bar Association Model Rules

of Professional Conduct rather than a deprivation of a right secured by the Constitution or laws of the United States.

Moreover, even if Plaintiff had alleged the violation of constitutional right, he did not allege that Defendants were state actors. If the defendant is not acting under color of state law, there is no cognizable claim under § 1983. Id. In Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981), the Supreme Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." While performing his duties, the public defender retains all of the essential attributes of a private attorney, including, most importantly, his "professional independence." West v. Atkins, 487 U.S. 42, 50 (U.S. 1988)(citing Polk Cnty., 454 U.S. at 321-322).

Further, a lawyer representing a client is not, by virtue of being an officer of the court, a state actor "under color of state law" within the meaning of § 1983. See Polk Cnty., 454 U.S. at 318. This is true even of cases in which a private attorney has been assigned to represent an indigent defendant. See id. at 318, n.7. Because a private attorney's role is independent from the role of the state, an attorney's conduct, by mere representation of her client, is not chargeable to the state. Therefore, regardless of whether Defendants are private or court-appointed attorneys, they are not state actors subject to liability under § 1983.

Plaintiff has also named as a defendant the Rapides Parish Public Defender's Office. Section 1983 claims may be asserted only against "persons" as the statute and case law define that term. A public defender's office is not a person capable of being sued under 42 U.S.C. § 1983. See Montgomery v. City of Lake Charles, 2011 WL 887910, *2 (W.D.La. 2011) citing Foster v. Orleans Parish Public Defendants Office, 2011 WL 446031, *2 (E.D. La. 2011); Burge v. Parish of St. Tammany, 1997 WL 10243, *8 (E.D. La. 1997), aff'd in part, 187 F.3d 452 (5th Cir.1999); Zapata v. Public Defenders Office, 252 Fed. Appx. 237, 2007 WL 3104864, *2 (10th Cir. 2007)(public defender's office is not a "person" amenable to suit under § 1983), Johnson v. Georgia, 2007 WL 2594177, *2 (M.D. Ga. 2007)(same as to public defender's office in Georgia); Amir-Sharif v. Dallas County Public Defenders Office, 233 Fed. Appx. 364 (5th Cir. 2007)(court appointed counsel and the Public Defender's Office are not state actors for § 1983 purposes). Accordingly, Plaintiff's civil rights claim against the Rapides Parish Public Defender's Office should be dismissed.

## *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

*Objections*

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 12th day of January, 2016.

Hon. Joseph H.L. Perez-Montes
United States Magistrate Judge